Lisa EMMERT, Appellant,

v.

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellee.

No. 12–93–00068–CV.

Court of Appeals of Texas, Tyler.

June 30, 1994.

Rehearing Denied Aug. 31, 1994.

Randell C. Roberts, Tyler, for appellant.

R. Michael Beene, Dallas, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

RAMEY, Chief Justice.

This is an appeal from a summary judgment in favor of the defendant, Progressive County Mutual Insurance Company ("Company"). Plaintiff, Lisa Emmert ("Emmert"), sued the Company for an alleged breach of its insurance policy in failing to afford liability coverage in a vehicular collision involving a truck she was driving and an automobile operated by a third party, Shonna Robinson ("Robinson") on September 8, 1991. Emmert sought damages incurred in defending and settling the claims filed against her, for the Company's breach of its duty to deal fairly and in good faith with her, and for its violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act and common law negligence. After the trial court granted a summary judgment in favor of the Company, Emmert perfected this appeal.[1] We will reverse and remand the summary judgment on the contract action, but affirm a partial summary judgment for the Company as it relates to Emmert's tort claims.

Much of the summary judgment evidence was stipulated by the parties; there was no significant dispute of the underlying facts. Emmert was an insured driver under the Company's standard automobile liability policy which scheduled only one vehicle, a Chevrolet Beretta, not the truck involved in the collision with Robinson. The pickup truck Emmert was driving on this occasion was owned by her husband, John Emmert. Emmert's negligent operation of the truck was a proximate cause of damages to Robinson. The focus of the dispute as to whether the truck was covered relates to the exclusionary provision of the insurance policy which stated:

B. We do not provide liability coverage for the ownership, maintenance or use of:

1. Any motorized vehicle having less than four wheels;

2. Any vehicle, other than *your covered auto*, which is:

a. owned by you; or

b. furnished or available for your regular use.

3. Any vehicle, other than *your covered auto*, which is:

a. owned by any *family member*, or

b. furnished or available for the regular use of any *family member*.

However, this exclusion does not apply to your maintenance or use of any vehicle which is:

a. owned by a *family member*;

b. furnished or available for the regular use of a *family member*;

c. We do not provide Liability Coverage for you or any *family member* for bodily injury to you or any *family member*.

(Emphasis in original). This policy was a standard automobile insurance contract promulgated by the Texas Department of Insurance ("Department"). Several months after issuance of the policy, the Department amended the above-stated exception sentence of the exclusionary provision which com-

---

1. Emmert had likewise filed a Motion for Partial Summary Judgment. The record discloses no order or other reference to the presentment of the cross Motion. Emmert did not assert as a point of error the failure of the trial court to grant her Motion. This appeal relates to the Company's Motion for Summary Judgment only. *Buckner Glass & Mirror, Inc. v. T.A. Pritchard Co.*, 697 S.W.2d 712, 714 (Tex.App.—Corpus Christi 1985, n.w.h.).

menced with, "However, this exclusion does not apply ..." by specifically providing that this exception pertained only to the third exclusion ("B.3.") and by indenting that sentence.[2]

In reviewing a summary judgment, all evidence is to be construed in favor of the nonmovant, to whom every reasonable inference is allowed and in whose behalf all doubts are resolved. *El Chico v. Poole*, 732 S.W.2d 306 (Tex.1987). The burden is imposed upon the movant to establish as a matter of law that there is no genuine issue of material fact as to the relief sought. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). Summary judgment is a stern measure used only to eliminate issues that can be determined as a matter of law. Because of its severity, the rule "must be applied as written". *McConnell v. Southside I.S.D.*, 858 S.W.2d 337 (Tex. 1993).

The language of the relevant exclusion is the critical issue. We have been cited to no authorities construing it and have found none. Paragraph B.2. excluded coverage of the pickup. Paragraph B.3. provided that coverage for a vehicle owned by a family member, other than the covered automobile, was likewise excluded from coverage; however, immediately following that exclusion, an exception recited that any vehicle that was owned by a family member and used by the insured was excepted from that exclusion, the factual situation before us.

Emmert contends that the exception relates to all of the three stated exclusions; the Company asserts that this exception only pertains to the third exclusion, B.3. A letter from a Department official confirmed the Company's position. In further support of its construction of the passage, the Company argues that the Department's intent to exclude coverage of a vehicle such as this pickup, was additionally confirmed by its 1992 subsequent amendment to paragraph B.3. The revision by the Department specifically confined the exception provision to paragraph B.3. The adoption of this amendment to the passage infers that the Department recognized that there was a contradiction in the language of the policy as issued to Emmert.

Furthermore, the precise placement of the exception in the exclusionary provision in the policy issued to Emmert reflected that the exception had equal value with paragraphs B.1., B.2. and B.3. and was not subsidiary to paragraph B.3. alone, as contended by the Company. The Department's 1992 modification indented this exception sentence to place it under and within exclusion paragraph B.3. only. Again, the amendment inferred a recognition by the drafter of the policy of an inconsistency in the policy issued to Emmert and the need to clarify the intent and scope of the exception.

In Texas, exclusionary clauses or limitations on liability in insurance policies are strictly construed in favor of the insured and against the insurer. *National Union v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex.1991). We must adopt the insured's construction of an exclusionary clause as long as that construction is not unreasonable, even if the construction urged by the Company appears to be more reasonable or a more accurate reflection of the parties' intent. *Ibid.* Emmert's construction that the policy's exclusion provision contained contradictory language was a reasonable interpretation.

The Company further asserts that an interpretation of the policy language which holds that there was coverage of this unscheduled vehicle "would have severe consequences upon the insurance industry and the premium paying public" because there would be coverage of risks for which no premium had been paid. *Citing Conlin v. State Farm Mutual Automobile Insurance Company*, 828 S.W.2d 332 (Tex.App.—Austin 1992, writ denied) and *Holyfield v. Members Mutual Insurance Company*, 572 S.W.2d 672, 673 (Tex.1978).

As a summary judgment appeal, however, determination of coverage is not at issue here. The question presented is whether the Company is entitled to a summary judgment by establishing as a matter of law that there is no genuine issue of material fact that the

---

**2.** And other unrelated minor revisions of this provision in the policy.

pickup truck was excluded from coverage under the subject policy. In resolving the inferences and doubts against the Company, and strictly construing the issue in favor of the insured and against the insurer, we hold that as a matter of law there was a material fact issue as to the intended scope of the exclusionary language in the policy as issued to Emmert thereby precluding summary judgment on the policy contract. Emmert's first two points of error are sustained.

■ Emmert's third point of error asserts that as a matter of law if her first two points are sustained, a material fact issue is raised entitling her to a reversal of the summary judgment as it relates to her extracontractual causes of action stemming from the Company's denial of coverage. In addition to the breach of contract damages, Emmert had alleged tort damages from the Company's breach of the duty of good faith and fair dealing, violations of the Insurance Code and Deceptive Trade Practices Act, as well as common law negligence (all referred to as "extracontractual damages" or "tort damages"). But the Company contends that regardless of the outcome of the coverage of the pickup truck, the summary judgment should be affirmed that Emmert cannot recover extracontractual damages.

■ In 1987, the Supreme Court first recognized, as an independent cause of action, an insurer's duty to deal fairly and in good faith with its policyholder. *Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987). Such claims are tort actions. The court explained that if the insurers have a reasonable basis for their denial of coverage, they retain the right to deny questionable claims without being exposed to extracontractual damages, even if the denial of coverage was later determined to have been erroneous. *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 213 (Tex.1988); *Arnold*, 725 S.W.2d at 167. In a bad faith case, the plaintiff has the burden to prove that the insurance company had no reasonable basis for denying the

claim. *Ibid; Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10.[3]

The insured's required evidence must relate to the tort issue of no reasonable basis for denial, not just to the contractual issue of coverage. *Lyons v. The Millers Casualty Ins. Co. of Texas*, 866 S.W.2d 597, 601 (Tex. 1993). "The focus on the evidence and its relation to the elements of bad faith is necessary to maintain the distinction between a contract claim on the policy, and a claim of bad faith delay or denial of that claim, which arises from the tort duty we imposed on insurers in *Arnold* and *Aranda*". *Ibid.*

Here, the Company's summary judgment evidence reveals that it had received written confirmation from the Department that the Company had correctly interpreted the exclusion provision to the effect that the exception sentence referred only to exclusion B.3., not generally to all of the exclusions. This assurance from the Department to the Company established a reasonable basis for the company's denial of coverage, because paragraph B.2. without the language of the exception specifically excluded coverage of the pickup truck driven by Emmert in the subject accident.

Emmert argues that there is another line of Court of Appeals cases that hold that if a plaintiff offers "some evidence" of an insurer's bad faith, a question of fact as to the Company's bad faith is presented. The "some evidence" analysis has been repudiated by the Supreme Court opinions holding that the plaintiff must produce evidence establishing that the insurer had no reasonable basis for denying the claim. *Lyons*, 866 S.W.2d at 600, 601; *National Union Fire Insurance Co. v. Dominguez*, 873 S.W.2d 373, 376 (Tex.1994); *Transportation Insurance Co. v. Moriel*, 879 S.W.2d at 41–42; *Aranda*, 748 S.W.2d at 213; *Arnold*, 725 S.W.2d at 167. In these cases, courts and juries are not called upon to weigh conflicting evidence before they decide whether no reasonable basis existed to justify the claim

---

**3.** The insured must prove: (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy *and* (2) that the carrier knew or should have known that there

was not a reasonable basis for denying the claim or delaying payment of the claim. *Aranda*, 748 S.W.2d at 213.

**36**

denial; a bad faith claim requires much more demanding proof than does a suit on the insurance policy. *State Farm Lloyds, Inc. v. Polasek*, 847 S.W.2d 279, 283 (Tex.App.1992).

In her brief, Emmert concedes "that a reasonable basis for denying a claim *may* establish a defense to a claim for breach of the duty of good faith and fair dealing". She asserts, however, that this defense to a bad faith suit does not foreclose any of her other extracontractual claims, such as violation of the DTPA, violation of the Insurance Code or common law negligence. As stated, however, the Supreme Court has repeatedly instructed that an insurer will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for its denial of that coverage. For example, in *Lyons*, the plaintiff recovered in the trial court both on her bad faith and her DTPA causes of action. The Supreme Court disposed of both counts together; no extracontractual damages under any theory was allowed. *Lyons*, 866 S.W.2d at 241–244. The various other extracontractual claims require the same predicate for recovery as bad faith causes of action. *State Farm Lloyds*, 847 S.W.2d at 282 (note 2).

Emmert also asserts that the Company is not entitled to a summary judgment because it has not demonstrated an absence of a genuine issue material fact. As stated, under the elevated standard of proof to recover extracontractual damages, Emmert can raise a material issue of fact by presenting some evidence that the Company had no reasonable basis for denying coverage. Emmert did not satisfy this burden. Emmert's third point of error is overruled.

We reverse and remand the summary judgment on Emmert's contract policy claim to the trial court but affirm a partial summary judgment for the Company that Emmert take nothing on her extracontractual causes of action.