**Patricia Merritt LANE, Individually and on Behalf of the Estate of Michael Bryan Fuhrman, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 06–98–00073–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 24, 1999.

Decided March 18, 1999.

Rehearing Overruled April 27, 1999.

---

Mark A. Ticer, Dallas, for appellant.

Melinda Ruth Burke, Julia Ann Dobbins, Shannon, Gracey, Ratliff & Miller, Fort Worth, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Patricia Merritt Lane appeals from an adverse summary judgment in her suit against State Farm Mutual Automobile Insurance Company. Lane sued State Farm for breach of contract, breach of the common law duty of good faith and fair dealing, and for violation of Article 21.21 of the Texas Insurance Code.

On December 31, 1996, Lane's son, Michael B. Fuhrman (Michael), was killed in an automobile accident while a passenger in a friend's car. At the time of the accident, Michael was living with his grandparents, Donald and Beatrice Merritt. Because he was a resident of their home, Michael was insured under the Merritts' automobile insurance policy. In 1985, Lane and Michael's father, Michael J. Fuhrman (Fuhrman), signed an order appointing the Merritts as managing conservators of Michael. In 1995, Lane was appointed managing conservator of Michael, but after a brief stay with Lane, Michael continued to reside with his grandparents until the time of his death.

Shortly after the accident, the Merritts informed State Farm of the death of their grandson and presented a claim for reimbursement for funeral expenses. State Farm issued the Merritts a check for $5,000.00, the policy limits under the personal injury protection (PIP) coverage. The funeral contract was in Lane's name, but summary judgment evidence showed that the Merritts paid $14,098.75 for Michael's funeral expenses.

State Farm informed the Merritts that the underinsured motorist (UIM) coverage benefits would be available to Michael's parents, Lane and Fuhrman. After a search revealed the whereabouts of Fuhrman, State Farm offered to settle the claim by splitting the $20,000.00 underinsured motorist coverage policy limit, $10,-000.00 to Lane and $10,000.00 to Fuhrman. State Farm structured the settlement offer based on its interpretation of Section 38(a)(2) of the Texas Probate Code.[1] Fuhrman accepted the offer, but requested that State Farm assign his portion of the UIM proceeds to the Merritts because they had raised his son. Some evidence exists in the record that the assignment was never executed, but State Farm made a draft for $10,000.00 payable to Fuhrman and the Merritts. State Farm also tendered to Lane a draft for $10,000.00, which she rejected.

On July 7, 1997, Lane filed suit against State Farm and the driver of the vehicle in which Michael was a passenger. She sued for breach of contract, alleging that State Farm paid persons not entitled to compensation under the policy. She also alleged that State Farm breached its duty of good faith and fair dealing and violated TEX. INS.CODE ANN. art. 21.21 (Vernon 1981 & Supp.1999), which prohibits certain false and misleading practices by insurance companies. State Farm filed a motion for summary judgment on the ground that it did not breach the contract, because Michael's father was entitled to an equal share of the UIM proceeds under the Texas Probate Code. Additionally, State Farm moved for summary judgment on the bad faith claim and the Article 21.21 claim.

---

1. TEX. PROB.CODE ANN. sec. 38(a)(2) (Vernon 1980) provides:

 (a) **Intestate Leaving No Husband or Wife.** Where any person, having title to any estate, real, personal or mixed, shall die intestate, leaving no husband or wife, it shall descend and pass in parcenary to his kindred, male and female, in the following course:

 . . . .

2. If there be no children nor their descendants, then to his father and mother, in equal portions. But if only the father or mother survive the intestate, then his estate shall be divided into two equal portions, one of which shall pass to such survivor, and the other half shall pass to the brothers and sisters of the deceased, and to their descendants; but if there be none such, then the whole estate shall be inherited by the surviving father or mother.

Four days before the summary judgment hearing, Lane amended her petition, alleging two additional causes of action, a breach of contract for paying the Merritts the $5,000.00 in PIP coverage and a violation of Tex. Ins.Code Ann. art. 21.55 (Vernon Supp.1999). State Farm responded to Lane's additional breach of contract cause of action in a reply brief to the court filed on the day of the summary judgment hearing. On December 2, 1997, the trial court entered an order granting State Farm's motion for summary judgment. Pursuant to a Rule 11 agreement and a joint motion for severance, Lane nonsuited her Article 21.55 claim to make the judgment of the trial court final.

In summary judgment cases, the question on appeal is whether the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). The movant has the burden, and the court must resolve against the movant all doubts as to the existence of a genuine issue of fact. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982). A summary judgment may be granted for a movant even if the movant fails to produce summary judgment evidence in support of the motion, if the motion is based on a point of law, with undisputed facts. *Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex. 1983). If the movant does not meet its burden of proof, there is no burden on the nonmovant. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). But if the movant establishes a right to summary judgment, the burden shifts to the nonmovant. *Stevens v. State Farm Fire and Cas. Co.*, 929 S.W.2d 665, 669 (Tex.App.-Texarkana 1996, writ denied). The nonmovant must then respond to the summary judgment motion and present to the trial court summary judgment evidence raising a fact issue that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 678.

In her first and third points, Lane contends that the trial court improperly granted summary judgment on her breach of contract cause of action with respect to the PIP benefits. She points out that before State Farm filed its motion for summary judgment, she amended her petition to include a new cause of action for the PIP benefits under the policy. She argues that State Farm's motion did not request a summary judgment on her PIP claim, so the trial court erred in granting summary judgment. Alternatively, Lane contends that she, as the managing conservator of Michael, is entitled to the PIP benefits as a matter of law. State Farm points out that its motion for summary judgment stated that no breach of contract existed. Lane's amended petition, State Farm argues, did not include a new cause of action, but rather included a factual statement of State Farm's alleged breach. Thus, State Farm argues, its motion for summary judgment did cover Lane's PIP claim because the motion stated that no breach of contract had occurred. Alternatively, State Farm contends that it properly paid the Merritts the PIP benefits under the contract and so did not breach the contract.

 The first issue we must decide is whether Lane added a new and separate cause of action for the PIP benefits when she amended her petition. An action for damages for breach of contract accrues when the breach occurs or when the claimant has notice of facts sufficient to place him on notice of the breach. *Rose v. Baker & Botts*, 816 S.W.2d 805, 810 (Tex.App.-Houston [1st Dist.] 1991, writ denied). If the parties' agreement contemplates a continuing contract for performance, the cause of action does not accrue until the contract is fully performed. *See Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.). But if the terms of an agreement call for fixed, periodic payments, a separate cause of action arises for

each missing payment. *Stella Prods. Co. v. Scott,* 875 S.W.2d 462, 465 (Tex.App.-Austin 1994, no writ). We find that the insurance contract here is more similar to the latter type of contract. If an insurance company fails to perform with respect to the payment of each type of benefit under a policy, a plaintiff suffers a separate damage for each breach of that policy and, therefore, a separate claim arises. Thus, when Lane amended her petition to include State Farm's failure to pay her the PIP benefits, she added a claim to her petition.

State Farm's motion for summary judgment did not address the PIP claim. The motion only asserted three grounds for summary judgment: (1) the distribution of UIM benefits was proper under the law and did not breach the contract; (2) it did not breach its duty of good faith and fair dealing; and (3) it did not violate Article 21.21 of the Insurance Code. State Farm did address the PIP claim in a reply brief filed on the day of the summary judgment hearing, but a motion for summary judgment must stand or fall on the grounds expressly presented in the motion. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex. 1993). In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence. *Id.* We find that State Farm's motion for summary judgment did not cover Lane's PIP claim.

Ordinarily, an order granting summary judgment must expressly dispose of all parties and all issues in the case for it to be a final, appealable judgment. *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.

1993). If the order does not dispose of all issues and all parties, it is interlocutory and therefore not appealable absent a severance. *Id.* The trial court's order granting summary judgment did not purport to be a final judgment, nor did it dispose of all the claims against State Farm. The order only granted State Farm's motion for summary judgment.[2]

The trial court, however, signed an agreed order severing other portions of Lane's causes of action against State Farm for the express purpose of making the summary judgment final. When a trial court makes a summary judgment seemingly final, the judgment is final for purposes of appeal, even if it rules on an issue not raised in the movant's motion. *Mafrige v. Ross,* 866 S.W.2d at 592; *Nicor Exploration Co. v. Florida Gas Transmission Co.,* 911 S.W.2d 479, 482 (Tex.App.-Corpus Christi 1995, writ denied); *see* William J. Cornelius & David F. Johnson, *Tricks, Traps, and Snares in Appealing a Summary Judgment in Texas,* 50 BAYLOR L.REV. 815, 831 (1998). When the trial court ordered the severance of Lane's claims against State Farm, the summary judgment became a final and appealable order.

Since the order was final and appealable, the trial court committed reversible error when it granted the summary judgment on a cause of action not addressed in the motion. *Mafrige v. Ross,* 866 S.W.2d at 591. We do not speak to the merits of the parties' arguments or whether the evidence was sufficient to support a summary judgment on Lane's PIP claim. We only hold that the motion for summary judgment did not address Lane's amended

---

**2.** The trial court order granting the summary judgment reads as follows:

On November 14, 1997, the Court heard Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment and Motion for Sanctions, and Plaintiff's Response to Defendant State Farm's Motion for Summary Judgment and Plaintiff's Cross–Motion for Sanctions. All parties appeared by and through their re-

spective counsel. The Court, after consideration of the pleadings on file, the summary judgment evidence submitted by both parties, and argument of counsel, is of the opinion Defendant State Farm's Motion for Summary Judgment should be granted. It is therefore,

ORDERED that Defendant State Farm's Motion for Summary Judgment is granted. . . .

cause of action; thus, we must remand the PIP claim back to the trial court for further consideration.

Next, Lane contends that the trial court erred by granting summary judgment with respect to her UIM claim. Specifically, she contends that State Farm breached the contract when it paid half of the UIM proceeds to Fuhrman and then tendered the other half to her. If State Farm had conducted a reasonable investigation, Lane contends, it would have discovered that her wrongful death claim was superior to any other claim to the UIM benefits. She asserts that the damages in a wrongful death claim are personal in nature, and that a fact issue exists as to whether she or Fuhrman is entitled to a greater share of the proceeds. Lane argues that a reasonable investigation would have revealed that Fuhrman's wrongful death claim was not as strong as hers. Additionally, she asserts that State Farm breached the contract when it paid Fuhrman and the Merritts one half of the UIM proceeds. Both State Farm and Lane concede that the Merritts initially had no claim to the UIM proceeds.

State Farm argues that it paid the UIM proceeds according to the policy. It argued in its motion for summary judgment, and it argues on appeal, that three persons were *covered persons* under the policy— Michael, Lane, and Fuhrman. Michael had a cause of action for injuries he sustained while he was alive. When he died, his cause of action passed to his estate under the survival statute. Likewise, Lane and Fuhrman had wrongful death causes of action. State Farm contends that it offered to settle the estate's survival cause of action by paying the statutory beneficiaries, i.e., Michael's parents— Fuhrman and Lane. Under Section 38(a)(2) of the Texas Probate Code, each parent would be entitled to one half of the proceeds of Michael's estate, and that is how State Farm distributed the UIM benefits.

█ We first must determine who were covered persons under the insurance contract. The general rules of contract construction govern insurance policy interpretation. *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex.1997). The insurance policy's uninsured/underinsured motorist coverage section reads as follows:

A. We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury sustained by a *covered person*, or *property damage*, caused by an accident.

. . . .

B. *Covered person* as used in this Part means:

1. You or any *family member;*

2. Any other person *occupying your covered auto;*

3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in B.1 or B.2 above.

The language of the contract is clear and unambiguous. Michael, Lane, and Fuhrman were covered persons under the uninsured/underinsured motorist section of the policy. Michael falls under Section B.1. The Merritts owned the policy, and Michael was their grandson. The policy defines a family member as "a person who is the resident of [the Merritts'] household and related to [the Merritts] by blood, marriage or adoption." The summary judgment evidence conclusively shows that Michael was a blood relative of the Merritts living in their household. Lane and Fuhrman are entitled to recover under the wrongful death statute and thus are covered persons under Section B.3. *See Amica Mut. Ins. Co. v. Moak*, 155 F.R.D. 165, 166–169 (S.D.Tex.1994), *aff'd in part, rev'd in part*, 55 F.3d 1093 (5th Cir.1995).

State Farm was contractually obligated to pay *covered persons* under the UIM

provision if the injury was covered by the policy. State Farm reasonably determined coverage existed with regard to the survival action of Michael's estate. Summary judgment evidence before the trial court affirmatively showed that Michael was involved in an automobile accident, as a passenger, and later died. State Farm properly paid a covered person, Michael's estate, under the UIM provision of the policy.

■ Lane argues that even if a survival cause of action existed, State Farm breached its contract by favoring one type of claim over another. We disagree. Texas courts have not addressed the issue of whether an insurance company breaches its contract, under an underinsured or uninsured motorist policy, when it settles with one claimant, thereby reducing the available proceeds to another claimant. Other jurisdictions have held, however, that an insurance company does not breach its contract by settling with covered persons, even when the settlement depletes or exhausts the policy proceeds. *Gathings v. West Am. Ins. Co.,* 561 So.2d 450, 451 (Fla.Dist.Ct.App.1990); *Harmon v. State Farm Mut. Auto. Ins. Co.,* 232 So.2d 206, 208 (Fla.Dist.Ct.App.1970). This analysis fits squarely within the logic outlined by the Texas Supreme Court in *Texas Farmers Ins. Co. v. Soriano,* 881 S.W.2d 312, 315 (Tex.1994). The court in *Soriano* held that insurers will not be liable in bad faith claims for settling reasonable claims with one of several claimants under a liability policy, thereby reducing or exhausting the proceeds available to the remaining claimants. *Id.* We hold that State Farm's settlement of the UIM policy proceeds was reasonable and not a breach of contract.

■ Lane also contends that if State Farm was settling the survival cause of action of Michael's estate, it should have paid the UIM proceeds to the administrator or executor of his estate rather than the statutory beneficiaries under the Probate Code. She contends that State Farm bypassed the function of the probate court and made the sole determination as to Michael's heirs. Again, we disagree. Section 38(a) of the Probate Code provides that if the decedent dies intestate, does not have any children, and is survived by his mother and father, *his estate* shall pass to his parents in equal portions. State Farm produced summary judgment evidence that Michael died intestate, did not have any children, and was survived by his mother and father. Additionally, no administration of Michael's estate had been initiated. State Farm could not have paid the UIM proceeds to the administrator of Michael's estate because one did not exist. Moreover, Section 37 of the Probate Code provides that on the death of an intestate, his estate immediately passes to his heirs at law, subject only to recovery of possession by a subsequently appointed administrator. TEX. PROB.CODE ANN. sec. 37 (Vernon Supp.1999); *see also Casey v. Kelley,* 185 S.W.2d 492 (Tex.Civ.App.-Fort Worth 1945, writ ref'd). Thus, State Farm made a correct determination of the heirs to Michael's estate and properly paid them.

■ Lane also contends that medical bills were outstanding and should have been deducted from the UIM proceeds before the distribution. This argument, although not presented to the trial court and thus waived, is without merit as well. After State Farm established its right to summary judgment, Lane had the burden to present evidence to the trial court that a genuine issue of material fact exists that would preclude summary judgment. Lane did not present any evidence that medical bills either were unpaid or had been paid by her. She did attach Michael's medical bills to her response to State Farm's summary judgment, but she did not include any evidence as to who, if anyone, had paid the bills. Also, Lane did not present any evidence that a payment of the UIM proceeds to the statutory beneficiaries exclusive of any medical bills was a breach of the policy. Accordingly, we find no genuine issue of material fact exists to support

Lane's contention that payment of the UIM proceeds to the statutory beneficiaries under the Probate Code was a breach of the contract.

■ We also reject Lane's argument that State Farm breached the contract when it made Fuhrman's draft payable to Fuhrman and the Merritts. There is summary judgment evidence that Fuhrman requested State Farm to draw the draft in such a way that the Merritts would be able to receive his portion of the UIM proceeds. Lane states that summary judgment evidence exists that a valid assignment was never created. However, regardless of whether a valid assignment existed between Fuhrman and State Farm, uncontroverted evidence exists that Fuhrman asked State Farm to give his portion of the proceeds to the Merritts. Lane has no right to complain if Fuhrman was entitled to the payment but elected to give it to the Merritts.

■ Finally, Lane contends that State Farm's payment of the UIM proceeds was a breach of the duty of good faith and fair dealing and a violation of Article 21.21 of the Texas Insurance Code. Lane argues that her claim for the entire $20,000.00 in UIM proceeds was denied based on a pretextual and inadequate investigation.

■ To establish an insurer's liability for breach of the covenant of good faith and fair dealing, a claimant must show that the insurer knew or should have known that it was reasonably clear the claim was covered when it denied or delayed payment of a claim. *Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 56 (Tex.1997). Evidence establishing only a bona fide coverage dispute does not demonstrate bad faith. *State Farm Fire & Cas. Co. v. Simmons,* 963 S.W.2d 42, 44 (Tex.1998); *State Farm Lloyds v. Nicolau,* 951 S.W.2d 444, 448 (Tex.1997). But an insurer cannot insulate itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial. *State Farm Fire & Cas. Co. v. Simmons,* 963 S.W.2d at 44.

■ State Farm admits it did not try to evaluate which parent was more deserving of the insurance proceeds. State Farm also admits that it knew Lane was a covered person under the policy, as was Fuhrman and Michael's estate. After the Merritts presented a claim for PIP benefits for funeral expenses, State Farm realized that coverage existed under the UIM provision. At no time before the filing of this lawsuit did Lane present a claim to State Farm for any of the UIM proceeds. State Farm did not deny any claim Lane might have made; instead, it settled with an insured, Michael's estate, according to its interpretation of the Probate Code. The settlement offer exhausted the UIM proceeds, thereby effectively denying any other claim. However, as noted above, insurers will not be liable in bad faith claims for settling reasonable claims with one of several claimants under a liability policy, thereby reducing or exhausting the proceeds available to the remaining claimants. *Texas Farmers Ins. Co. v. Soriano,* 881 S.W.2d at 315. The summary judgment evidence established that State Farm reasonably settled the survival cause of action under the UIM proceeds and thus cannot, as a matter of law, be liable under the tort of breach of the covenant of good faith and fair dealing.

Lane also contends that fact issues exist as to whether State Farm breached Article 21.21 of the Texas Insurance Code. State Farm contended in its motion for summary judgment that Lane's Article 21.21 cause of action requires the same predicate for recovery as a bad faith cause of action, and since it is not guilty of the bad faith claim, there is no issue of fact remaining on the Article 21.21 claim. We disagree. Lane alleged in her Article 21.21 claim that State Farm fraudulently relied on false information and representations in settling her claims. These acts were not conclusively negated by State Farm's motion for summary judgment. Because State Farm

failed to establish that no genuine issue of material fact exists as to Lane's Article 21.21 claim, summary judgment on this claim was improper.

When extracontractual causes of action (e.g., deceptive trade practices and Insurance Code claims) do nothing more than recharacterize the plaintiff's bad faith claim, a defense to a bad faith claim serves to defeat the extracontractual causes of action. *Escajeda v. Cigna Ins. Co. of Texas,* 934 S.W.2d 402, 408 (Tex.App.-Amarillo 1996, no writ) (opinion on reh'g); *see also Emmert v. Progressive County Mut. Ins. Co.,* 882 S.W.2d 32, 36 (Tex.App.-Tyler 1994, writ denied). The *Escajeda* decision went on to recognize,

> But, when the tortious acts underlying the deceptive trade practices/Insurance Code and bad faith claims differ, *Emmert* does not bar recovery for the former simply because the insurer proved that it had a reasonable basis to deny coverage (and thereby defeat the claim of bad faith). For instance, if one sued an insurer contending that it 1) committed a deceptive act by stating that the cost of the policy was only $100 when in truth it was $300, and 2) denied a claim in bad faith, the insurer's proving that it had a reasonable basis to deny the claim does not prevent the insured from pursuing recovery for the deceptive act of misrepresenting the policy's cost.

*Escajeda v. Cigna Ins. Co. of Texas,* 934 S.W.2d at 408.

It is clear from a reading of Lane's petition that she contends State Farm violated Article 21.21 by (1) using material misstatements of fact, (2) making untrue statements of material fact, (3) omitting material facts in order to mislead, (4) misrepresenting a material fact or policy provision relating to coverage, (5) making material misstatements of law, (6) refusing to pay a claim without conducting a reasonable investigation of the claim, and (8) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or are untrue. In

its motion for summary judgment, State Farm simply made the statement that upon a finding of no bad faith, the trial court must also find no violation of Article 21.21.

We find Lane's Article 21.21 claims go beyond State Farm's mere refusal to pay a claim under the policy. Thus, we reject State Farm's argument that her claims were barred as a matter of law. *See Escajeda v. Cigna Ins. Co. of Texas,* 934 S.W.2d at 408. As a result, State Farm was required to present evidence in its summary judgment motion establishing that no genuine issue of material fact exists as to each of Lane's claims under the Insurance Code. State Farm did not present such evidence and, thus, we find the trial court committed error by granting summary judgment on Lane's Article 21.21 cause of action.

We affirm the summary judgment of the trial court with respect to Lane's breach of contract claim for the UIM proceeds and her cause of action for a breach of the covenant of good faith and fair dealing. However, the trial court erred by granting State Farm summary judgment on Lane's breach of contract claim for PIP benefits, because the cause of action was not addressed in the motion for summary judgment. Additionally, the trial court erred when it granted summary judgment on Lane's Article 21.21 claim, because State Farm did not establish that no genuine issue of material fact exists.

The judgment as it respects Lane's causes of action for breach of contract as to the UIM proceeds and for breach of the covenant of good faith and fair dealing are affirmed. Lane's other claims are severed, and the judgment as to those claims is reversed and those claims are remanded for trial.