**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 96-20238.

John HIGGINBOTHAM, Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

Jan. 21, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before REYNALDO G. GARZA, JONES and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

John Higginbotham brought suit against State Farm Mutual Automobile Insurance Company alleging both contractual and extra-contractual causes of action. After the contractual claim was tried, Judge Lee Rosenthal of the Southern District of Texas, Houston Division granted summary judgment in favor of the defendant on plaintiff's extra-contractual claims. After assessing attorney fees, Judge Rosenthal proceeded to award and then retract an 18 percent statutory fee against the defendant. Plaintiff appeals both the summary judgment and the retraction of this fee. We affirm in part and reverse and remand in part.

BACKGROUND

John Higginbotham owned a used 1988 Porsche 911 for which he had purchased insurance from State Farm Mutual Automobile Insurance Company under policy number 7504-618-D01-53E. In short, the car was stolen on June 8, 1993, from an unsecured parking lot next to

Higginbotham's residence.  The Porsche was ultimately recovered later that day, but it had been severely damaged by whomever had taken the vehicle.  It was discovered approximately 25 miles away from Higginbotham's apartment complex, and it was stripped of its top, seats, interior and exterior trim, and any untraceable parts of value.  The stripping operation was conducted in such a manner so as not to damage or destroy mechanical connections, wiring harnesses, or the engine.

Naturally, Higginbotham reported the theft of his vehicle to State Farm on June 9, 1993, and made a claim for proceeds under his policy.  The policy specifically provided coverage for direct and accidental loss to an automobile.  Upon conclusion of its investigation, State Farm determined Higginbotham's "loss was not accidental and therefore not a covered loss under [his] policy." State Farm informed Higginbotham of this decision on November 19, 1993, five months after his initial claim.

Higginbotham filed suit in state court in Harris County, Texas, asserting breach of contract for State Farm's failure to pay damages resulting from the theft and vandalism to his Porsche. State Farm removed the suit to federal court on the basis of diversity.  After removal, Higginbotham amended his complaint to assert additional causes of action for violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code under article 21.21, negligence, and breach of the duty of good faith and fair dealing.  Higginbotham also contended that State Farm had violated article 21.55 of the Insurance Code and requested imposition of an 18 percent penalty fee provided for

by the statute.  State Farm filed a motion for summary judgment seeking relief from Higginbotham's extra-contractual claims, but the court denied the motion without prejudice.  The parties then filed a joint motion to bifurcate and requested separate trials for the contract claim and extra-contractual claims.  The joint motion was granted and the breach of contract issue went to trial.  The jury returned a verdict in favor of Higginbotham and awarded him $30,000, the amount of his coverage.

State Farm then filed, and the court granted, an amended motion for partial summary judgment on Higginbotham's extra-contractual causes of action.  After granting State Farm's motion, the district court heard evidence on the various fees that Higginbotham should be awarded on his breach of contract claim.  After deliberating its decision, the court entered an order requiring State Farm to pay Higginbotham, *inter alia,* the 18 percent statutory fee imposed by article 21.55 of the Texas Insurance Code.  State Farm next filed a motion for reconsideration complaining of this 18 percent fee.  The court granted the motion and retracted the statutory fee.  Judge Rosenthal entered a final judgment that same day.  Higginbotham timely filed his notice of appeal from this final judgment.

DISCUSSION

I. Extra-contractual claims

In his first point of error, Higginbotham argues that the district court erred by granting partial summary judgment on his bad faith claim in favor of State Farm.  The standard for reviewing a summary judgment is well established.  The movant has the initial

burden of showing that because of the absence of genuine issues of material fact, it is entitled to judgment as a matter of law. The critical issue in this appeal is whether State Farm proved that, as a matter of law, it acted in good faith in denying Higginbotham's claim.

Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). A cause of action for breach of the duty of good faith and fair dealing exists when the insurer has *no reasonable basis* for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial. *Id.* In order to sustain such a claim, the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim. *Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex.1988). The insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim. *State Farm Lloyds Ins. v. Polasek,* 847 S.W.2d 279, 284 (Tex.App.—San Antonio 1992, writ denied). However, insurance carriers maintain the right to deny questionable claims without being subject to liability for an erroneous denial of the claim. *St. Paul Lloyd's Ins. v. Fong Chun Huang,* 808 S.W.2d 524, 526 (Tex.App.—Houston [14th Dist.] 1991, writ denied) (*citing Aranda,* 748 S.W.2d at 213). A bona fide controversy is sufficient reason for failure of an insurer to make

a prompt payment of a loss claim. *Id.* As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith. *Lyons v. Millers Casualty Insurance Co.,* 866 S.W.2d 597, 600 (Tex.1993).

Here, State Farm denied Higginbotham's claim based on a number of suspect facts it discovered during its investigation. It was these facts which provided a reasonable basis for denial.

Higginbotham was associated with Tommy Vander, the owner of Luxury Auto Unlimited (LAU). LAU was a luxury car repair shop which specialized in Porsches and other luxury cars. Higginbotham was listed as a purchaser with buyer's privileges extended to LAU for car auctions. In fact, Vander and Higginbotham regularly attended automobile auctions to purchase damaged automobiles for repair and resale. Vander pled guilty in 1991 to felony theft when he was arrested for driving a stolen Porsche with a completely different vehicle identification number from a Porsche which had been completely burned.

When Higginbotham began parking the Porsche at his complex, he would normally leave the car in a parking lot surrounded by a fence and secured access gate. However, approximately two weeks before the theft, he began parking it in an unsecured lot near the complex, even though both he and his girlfriend claimed to have had prior auto break-ins from the unsecured lots at the apartment complex. The manager and assistant manager of Higginbotham's complex both stated that Higginbotham's girlfriend complained that

on June 4, 1993 (four days before the theft) Higginbotham's car had been stolen and that this was justification for a late move-out notice.

Higginbotham's Porsche was recovered 25 miles from Higginbotham's apartment complex, but only 1.6 miles away from Vander's shop. The car was stripped in a manner so as not to damage or destroy mechanical connections, wiring harnesses, or the engine. Pro Technik, Porsche specialists hired by State Farm to investigate Higginbotham's claim, concluded that approximately two auto technicians with proper tools would require at least eight hours to strip the Porsche in the manner that it had been left. Higginbotham's car was discovered approximately six hours after it had last been seen by Higginbotham.

Higginbotham rebuts these facts by claiming that State Farm pursued a targeted investigation so as to make him look like an accomplice. He cites a number of cases which uphold the proposition that an "outcome determinative" investigation constitutes bad faith. He refers to a number of instances in which State Farm allegedly refused to cooperate and merely was looking for excuses not to pay Higginbotham. However, none of the facts Higginbotham presents contradicts the facts set out above and, unlike the cited cases, State Farm did perform a fairly detailed investigation that began early on and without any preconceived notions. Although the investigation didn't become so detailed as to "catch the bad guys," it continued until there was enough evidence to give State Farm a reason to look twice and reasonably deny Higginbotham's claim.

We are far from pointing fingers and claiming that Higginbotham was actually an accomplice in stealing his car, but given the undisputed facts set out in the record, State Farm had a reasonable basis to dispute the validity of Higginbotham's claim. There was a bona fide dispute between the parties which justified State Farm's failure to pay Higginbotham. As a matter of law, State Farm did not act in bad faith.

In his second point of error, Higginbotham contends the district court erred in granting summary judgment in favor of State Farm with respect to his negligence claim. Although the law has imposed a duty on the insurer to act in good faith and deal fairly with the insured, there is no duty beyond the contract itself. In order for a tort duty to arise out of a contractual duty, i.e. negligent failure to perform a contract, the liability must arise "independent of the fact that a contract exists between the parties." *United Serv. Auto. Assn. v. Pennington,* 810 S.W.2d 777, 783 (Tex.App.—San Antonio 1991, writ denied). If a defendant's conduct is actionable only because it breaches the parties' agreement, as is the case here, the claim is solely contractual in nature. In fact, in absence of the duty to act in good faith and deal fairly the only other duty imposed on an insurance company, under Texas law, is the duty to exercise ordinary care and prudence in considering an offer of settlement within the policy limits. *G.A. Stowers Furniture Co. v. American Indem. Co.,* 15 S.W.2d 544, 548 (Tex.Comm'n App.1929, holding approved). In essence, Texas law does not recognize a cause of action for negligent claims handling. *French v. State Farm Insurance Co.,* 156 F.R.D. 159, 162

(S.D.Tex.1994).

Higginbotham next argues that the district court erred in granting summary judgment on his DTPA and Insurance Code violation claims. The provisions of the DTPA and Insurance code are not exclusive, but are in addition to any other procedures or remedies provided for in any other law. Persons who are victims of unfair or deceptive insurance practices may have a cause of action under the DTPA, Article 21.21 of the Insurance Code, or both. Higginbotham asserts causes of action under both. Although these claims are individual causes of action which do not depend on each other for support, Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas. *Emmert v. Progressive County Mutual Insurance Co.,* 882 S.W.2d 32, 36 (Tex.App.—Tyler 1994, writ denied) (*see State Farm Lloyds, Inc. v. Polasek,* 847 S.W.2d 279, 282 n. 2 (Tex.App.—San Antonio 1992, writ denied)). Plainly put, an insurer will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for denial of that coverage. *Emmert,* 882 S.W.2d at 36.

Since State Farm was found not to have acted in bad faith, it is clear we must defer to the Texas courts and affirm the lower court's summary judgment for State Farm and against Higginbotham on his claims for violations of the DTPA and the Insurance Code.

II. Texas Insurance Code Article 21.55

Higginbotham contends that Judge Rosenthal erred in awarding and then retracting the 18 percent per annum statutory fee

available under Texas Insurance Code article 21.55. State Farm argues that Judge Rosenthal's decision should stand for three reasons. First, it claims that Higginbotham waived his article 21.55 claim because it wasn't included in his notice of appeal. Second, it claims that Higginbotham waived his right to statutory penalties by failing to adduce any evidence to support such a recovery. Finally, it claims that Higginbotham's arguments and cases are based on an old statute, article 3.62, which has been repealed.

A. Notice of Appeal

State Farm asserts that Higginbotham's 21.55 claim was not included in his notice of appeal and, as such, should not be an issue before us. It cites *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 630 (5th Cir.1994), a case in which we found that a motion for leave and reconsideration was not properly before us because it was filed after the lower court entered a final judgment and the appellant only appealed from the final judgment. *Central Parks* is distinguishable from the present case in that, here, Higginbotham appealed from a final judgment in which the order granting State Farm's motion for reconsideration was filed *before* final judgment was entered. Obviously, State Farm's reliance on this case was misplaced and its argument moot because Higginbotham appealed from a final judgment which included in its parameters the lower court's order granting State Farm's motion for reconsideration. Thus, this issue is properly before us.

B. 21.55 elements

State Farm next argues that Higginbotham failed to prove all the elements of his 21.55 claim.  Article 21.55 § 3(f) states, in relevant part, as follows:

> If an insurer delays payment of a claim following its receipt of all items, statements, and forms reasonably requested and required, as provided under Section 2 of this article, for a period specified in other applicable statutes or, in the absence of any other specified period, for more than 60 days, the insurer shall pay damages and other items as provided for in Section 6 of this article.

Higginbotham made a claim for proceeds on June 9, 1993.  State Farm chose to reject Higginbotham's claim, which necessarily means it failed to pay within 60 days of its receipt of all necessary paperwork, as specified by § 3(f). The evidence in the record clearly reveals that 21.55 was violated.  Thus, State Farm subjected itself to section 6 damages, including the 18 percent per annum fee and reasonable attorneys' fees.

## C. TEXAS INSURANCE CODE ARTICLE 3.62

No case has interpreted 21.55 with regards to the issue of timely notification of rejection of a claim.  Therefore, we look to cases interpreting the statutory predecessor to 21.55, that being article 3.62 of the Texas Insurance Code, for guidance.  Case law interpreting 3.62 clearly states that an insurance company's good faith assertion of defense does not relieve the insurer of liability for penalties for tardy payment, as long as the insurer is finally judged liable. *See Key Life Insurance Co. of South Carolina v. Davis,* 509 S.W.2d 403, 405 (Tex.Civ.App.—Beaumont 1974, no writ).  However, there may be no liability for statutory damages if it is subsequently determined, by litigation, that the claim in question is invalid and not payable.  TEX.INS.CODE ANN. art. 21.55

§ 3(g).

A wrongful rejection of a claim may be considered a delay in payment for purposes of the 60-day rule and statutory damages. More specifically, if an insurer fails to pay a claim, it runs the risk of incurring this 18 percent statutory fee and reasonable attorneys' fees. In sum, State Farm took a risk when it chose to reject Higginbotham's claim. State Farm lost when it was found liable for breach of contract. Therefore, it must pay this 18 percent per annum interest and reasonable attorneys' fees.

Judge Rosenthal erred when she retracted the statutory damages provided for by article 21.55. This issue is reversed and remanded so that the lower court can determine the additional amount of money owed to Higginbotham for the 18 percent per annum penalty and reasonable attorneys' fees.

## CONCLUSION

Accordingly, based on the foregoing reasons, we AFFIRM the summary judgment in favor of the defendant, but REVERSE and REMAND Judge Rosenthal's retraction of the penalty imposed by Texas Insurance Code article 21.55 with instructions to calculate the amended award.