**Larry D. and Betty J. WATSON, Plaintiffs,**

v.

**STATE FARM LLOYDS, Defendant.**

**No. 3:98–CV–2941–H.**

United States District Court, N.D. Texas, Dallas Division.

June 7, 1999.

is left to the people of Mississippi.

Stephen Boyd, Boyd & Dietzmann, San Antonio, TX, Robert N. Grisham, II, Dallas, TX, for plaintiffs.

Michael W. Minton, Johnston & Minton, Fort Worth, TX, for defendant.

## ORDER

SANDERS, Senior District Judge.

Before the Court is Defendant's Amended Rule 12(b)(6) Motion to Dismiss, filed April 23, 1999; and all pleadings related thereto.

After consideration of the briefs, amended complaint, amended answer and the relevant authorities, the Court is of the opinion that Defendant's Amended Rule 12(b)(6) Motion to Dismiss should be **GRANTED.**

## I. *Background*

This is a suit for breach of a homeowner's policy for failing to pay for structural and cosmetic damage to a residence as a result of foundation movement. Plaintiffs allege that the cause was a plumbing leak, which should be covered under their homeowners policy.[1] Defendant State Farm Lloyds denies that the cause of the damage was a plumbing leak that was covered under the policy, and denied payment on the claim.

Plaintiffs assert claims for breach of contract under Tex.Ins.Code art. 21.21, et seq. and Tex.Civ.Prac. & Rem.Code § 38.001, unfair claims settlement practices under Tex.Ins.Code Ann. art. 21.21–2 and Tex.Bus. and Commerce Code Ann. art. 17 ("Deceptive Trade Practices Act") ("DTPA"), deceptive trade practices under art. 17.41, *et seq.* of the DTPA, and violation of the Prompt Payment of Claims Act, Tex.Ins.Code art. 21.55. Defendant moves to dismiss for failure to state a claim and, alternatively, for judgment on the pleadings, as to the unfair claims settlement practices and deceptive trade practices causes of action. *See* Fed.R.Civ.P. 12(b)(6) and (c).

On March 30, 1999, this Court granted Plaintiffs' motion for leave to amend their complaint to comply with Fed.R.Civ.P. 9(b). Plaintiffs filed their Amended Complaint April 9, 1999, and Defendant filed its Amended Answer and Counterclaim April 19, 1999. Also in accordance with the Court's March 30 Order, Defendant filed this amended Rule 12(b)(b) motion to dismiss.

## II. *Rule 12(b)(6) Motion to Dismiss Standard*

In considering a motion to dismiss a complaint for failure to state a claim, the Court must accept as true the non-movant's well-pleaded factual allegations and

1. Although neither Plaintiffs nor Defendant has provided a copy of the policy, the Court has assumed that it is a standard Texas Homeowners Policy—Form B.

any reasonable inferences to be drawn from them. *See Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994). To avoid dismissal for failure to state a claim, however, a plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992) (citation omitted). Thus, the Court will not accept as true any conclusory allegations or unwarranted deductions of fact. The Court may not look beyond the pleadings. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 936 (5th Cir.1988).

Dismissal for failure to state a claim is not favored by the law. *Mahone*, 836 F.2d at 926. A Plaintiff's complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."); *Adolph v. Federal Emergency Management Agency*, 854 F.2d 732, 735 (5th Cir.1988) (court may dismiss a claim under 12(b)(6) only if "it appears to a certainty that no relief can be granted under any set of facts provable in support of its allegations or if the allegations, accepted as true, do not present a claim upon which relief can be legally obtained.") However, "there are times when a court *should* exercise its power to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Mahone*, 836 F.2d at 927 (emphasis in original).

## III. *Reasonable Basis*

■ Defendant moves to dismiss the unfair claims settlement practices claim and the deceptive trade practices claim. "Under Texas law, extracontractual tort claims pursuant to the Texas Insurance Code and the DTPA require the same predicate for recovery as bad faith causes of action." *Ruch v. State Farm Fire and Casualty Co.*, 1998 WL 892287 at *3 (N.D.Tex.1998) (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir.1997)). "Thus, an insured may not prevail on claims under article 21.21 of the Texas Insurance Code or the DTPA if the court concludes that the insured has no cause of action for breach of the duty of good faith and fair dealing." *Id.* (citing a number of cases). To sustain an extracontractual claim, the insured must establish "the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have know, that there was no reasonable basis for denying or delaying payment of the claim." *Id.* (citing *Higginbotham*, 103 F.3d at 459; *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987) and other cases). Thus, Plaintiffs' unfair claims settlement and deceptive trade practices claims turn on whether Defendant had *any* reasonable basis to deny their claim. *Id.*

### A. *Texas Standard Homeowner Policy Coverage Confusion*

Before the Texas Supreme Court decided *Balandran v. Safeco Ins. Co. of America*, 972 S.W.2d 738 (July 3, 1998) on a certified question from the Court of Appeals for the Fifth Circuit, there was much confusion over whether the Texas standard homeowners policy covered damage to a dwelling from foundation shifts caused by plumbing leaks. *See, e.g., Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 537–38, 1999 U.S.Dist. LEXIS 2036 at *12 (S.D.Tex.1999) (discussing conflict in Texas state and federal courts). *Balandran* ended the confusion by holding that such damage is covered, but also held as a matter of law that an interpretation to the contrary, prior to its July 3, 1998 holding, was a reasonable basis to deny a claim.

### B. *Reasonable Basis Conclusion*

■ Here, Defendant denied payment of Plaintiffs' claim on March 4, 1998,

months before *Balandran* was decided. Thus, Defendant had a reasonable basis to deny Plaintiffs' claim. As a matter of law, Plaintiffs cannot state any extracontractual claims against Defendant because they will never be able to prove the absence of *any* reasonable basis to deny the claim.

## IV.  *Insufficient Pleading*

Nonetheless, Plaintiffs allege that their extracontractual claims are not based solely upon Defendant's denial of their claim under the policy, but also upon Defendant's generally tortious claims handling procedures, which Plaintiffs maintain are not precluded by *Balandran*. Even assuming *arguendo* that such extracontractual claims are not barred by *Balandran*, Plaintiffs have failed to state a claim because of insufficient, conclusory pleading. Simply comparing Plaintiffs' allegations with the relevant statutes shows that Plaintiffs have done little more than regurgitate the statutory language.

### A.  *The Complaint*

■  Although Plaintiffs dropped their bad faith claim, they still rely on elements of bad faith to state their extracontractual claims, as is required under *Ruch* and *Higginbotham*. Plaintiffs' most specific assertions in the complaint are that Defendant: (1) knowingly misrepresented policies and attempted to deceive Plaintiffs by misrepresenting their policy (Complaint at 4, 5); (2) "did not have in place either written or unwritten policy guidelines that provide for prompt investigations and therefore the Watson's claim was not promptly or adequately investigated" (Complaint at 4), (5); (3) "failed to timely return telephone calls" (Complaint at 4); (4) compels "policy holders to institute suit to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them" (Complaint at 4, 5); (5) failed to properly submit a reasonable explanation of the denial and knowingly misrepresented the policy coverage (Com-

plaint at 4, 5); and (6) refused to pay claims without conducting a reasonable investigation based upon all available information by using biased experts and failing to analyze the geotechnical data regarding the soils beneath the foundation of the Watson residence (Complaint at 5).

### B.  *The Statutory Language*

Art. 21.21–2 lists the following unfair claim settlement practices:

(a) Knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;

(b) Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

(c) Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

(d) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear;

(e) Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

.    .    .    .    .

(g) Committing other actions which the State Board of Insurance has defined, by regulations adopted pursuant to the rule-making authority granted it by this Act, as unfair claim settlement practices.

28 Tex.Admin.Code § 21.203 mirrors Tex.Ins.Code art. 21.21–2(c) and (e), but adds the following violations:

(7) failing to provide promptly, when provided for in the policy, claim forms when the insurer requires such forms as a prerequisite for a claim settlement;

(15) refusing to pay claims without conducting a reasonable investigation based upon all available information.

### C. *Insufficient Pleading Conclusion*

Such conclusory allegations are insufficient to avoid dismissal for failure to state a claim. *Geter v. Fortenberry*, 849 F.2d 1550, 1559 (5th Cir.1988); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992).

## V. *Conclusion*

Accordingly, Defendant's motion to dismiss is **GRANTED** as to Plaintiffs' unfair claims settlement practices and deceptive trade practices causes of action.[2]

Plaintiffs' breach of contract and prompt payment claim remain for trial.

SO ORDERED.

---

2. Thus, the Court need not address Defendant's alternative motion for judgment on the pleadings under FED.R.CIV.P. 12(c).