Affirmed and Majority and Concurring Opinions filed January 15, 2008








Affirmed and Majority and Concurring Opinions filed January
15, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00248-CV

____________

 

LARRY JUSTICE, BETH JUSTICE, AND
KAREN JUSTICE,
Appellants

 

V.

 

STATE FARM LLOYDS INSURANCE COMPANY
AND FTI/SEA CONSULTING, Appellees

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 02-22646

 



 

C O N C U R R I N G   O P I N I O N

I
respectfully concur.

Breach of Contract Claim Against State Farm[1]

 The
insurance policy in issue (a form of HO-B policy approved in Texas) contains the following exclusion: AWe do not cover loss caused by: rust,
rot, mold, or other fungi.@ Appellants claim that even though their insurance policy
with State Farm specifically excludes coverage for mold, a provision in the
State Farm Adjuster=s Guide provides coverage when any loss
proximately results from an original claim that is covered, such as damage from
a wind-blown tree.[2] 
Appellants urge that State Farm=s failure to provide coverage for the mold
as a covered loss  under the provision in the Adjuster=s Guide amounts to
a breach of contract.  State Farm moved for summary judgment on the basis that
any recovery on the contract claim was barred by the
policy=s mold exclusion.








A reviewing court generally interprets an insurance policy
under the same rules of construction as any other contract, reading all parts
of a contract together and viewing the contract in its entirety to give effect
to the written expression of the parties= intent.[3]
Applying the ordinary rules of contract construction to insurance policies, the
reviewing court ascertains the parties= intent by looking
only to the four corners of the insurance agreement to see what is actually
stated and does not consider what was allegedly meant.[4] 
When, as in this case, the claim involves a standard form insurance policy
approved by a state regulatory agency, the everyday meaning of the words to the
general public determines the parties= actual intent.[5]









If a court can ascertain only one reasonable meaning of the
policy provision, the insurance contract is not ambiguous, and the court will
enforce it as written.[6] 
However, when words in a contract are susceptible to more than one reasonable
interpretation, the contract is deemed ambiguous.[7] 
We determine whether a contract is ambiguous, as a question of law, by
examining the entire contract in light of existing circumstances at the time
the parties formed the contract.[8] 
When considering exclusionary provisions of an insurance policy, as in this case,
a court Amust adopt the
construction . . . urged by the insured as long as that construction is not
unreasonable, even if the construction urged by the insurer appears to be more
reasonable or a more accurate reflection of the parties= intent.@[9]  However, a court
will construe a  policy exclusion against an insurer and in favor of coverage
only when construing a policy provision that is ambiguous.[10]


The language in the insurance policy with respect to the
mold exclusion is not ambiguous.[11] 
 Considering that unambiguous provision and the language of the entire
insurance policy, there is no coverage for appellants= claim.[12] 
This court cannot consider extrinsic evidence from the Adjuster=s Guide, which is
not part of the insurance policy, to override the unambiguous language of the
policy.[13] 
As a result, no provision in the Adjuster=s Guide can change
the lack of coverage from the policy.[14] 
Because the insurance policy does not provide coverage for mold as a matter of
law, the trial court correctly granted State Farm=s motion for
summary judgement on the breach-of-contract claim.[15]









Negligence Claim Against
State Farm








In overruling appellants= issue regarding
their negligence claim against State Farm, the court relies on Higganbotham
v. State Farm Mutual Auto Insurance Co., in which the Fifth Circuit held
that the insured=s negligence claim failed because the
alleged actionable conduct of the insurer was solely its breach of contract and
therefore the claim sounded only in contract.  103 F.3d 456, 460 (5th Cir.
1997).  Obiter dictum in Higganbotham provides, AIn essence, Texas
law does not recognize a cause of action for negligent claims handling.@[16]  This dictum is
not a holding, but even if it were a holding of the Fifth Circuit, it is not
binding upon this court.[17] 
Additionally, though the majority indicates that Texas law does not allow a
negligence claim to be brought in the context of claims handling, this issue is
a matter of first impression for both the Texas Supreme Court and this court.[18]  
Resolution of this issue, however, is not necessary today because appellants
have waived their complaint by inadequate briefing.  Appellants have not
presented a single argument or citation in support of the negligence claim. 
They have failed to provide legal authorities or analysis in support of the
proposition that an employee of State Farm owed or assumed a negligence duty to
them.[19] 
Therefore, appellants= first issue fails on the basis of
briefing waiver.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered and
Opinion and Concurring Opinions filed January 15, 2008.

Panel consists of Justices Yates,
Frost, and Edelman.[20] 
(J. Edelman, majority).









[1]  As to appellants=
claims of breach of contract, negligence, and extra-contractual loss against
State Farm, appellants provide no analysis or citations to the record or legal
authorities.  Therefore, appellants have waived these issues.  See Tex. R. App. P. 38.1(h); San Saba
Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.CHouston [14 Dist.] 2005, no pet.) (holding that, even
though courts interpret briefing requirements reasonably and liberally, parties
asserting error on appeal still must put forth some specific argument and
analysis citing the record and authorities in support of the parties= argument).  However, under binding precedent, courts
cannot resolve all of the issues in an appeal based on briefing waiver.  See
Tex. R. App. P. 44.3 (AA court of appeals must not affirm or reverse a
judgment or dismiss an appeal for formal defects or irregularities in appellate
procedure without allowing a reasonable time to correct or amend the defects or
irregularities.@); Inpetco, Inc. v. Texas American Bank/Houston,
N.A., 729 S.W.2d 300, 300 (Tex. 1987) (per curiam) (stating that, under
predecessor to Rule 44.3, a court of appeals cannot overrule all issues and
affirm trial court=s judgment based only on briefing waiver); Elder v.
Bro, 809 S.W.2d 799, 802 (Tex. App.CHouston
[14th Dist.] 1991, writ denied) (holding that appellate courts may overrule
some of appellant=s issues based on briefing waiver, but must not
overrule all of them based on briefing waiver).  For this reason, it is
appropriate to reach the merits of appellants= issue as to the breach-of-contract claim against State Farm. 





[2]  The State Farm Adjuster=s Guide provides general guidelines for its claims
representatives.  Among these guidelines is a provision that if an original
claim is covered by the policy (in this case the damage from the wind-blown
tree), then any loss proximately resulting from the original claim is covered. 
However, the Adjuster=s Guide contains additional guidelines specifically
devoted to AWater Losses Involving Mold,@ which provide that the ensuing discussion is based on
certain policy language of a Homeowners Form FP-7955 and that Aother state-specific Homeowners policies may have
different language that may affect these coverage interpretations.@  This case does not involve Homeowners Form FP-7955,
and the Adjuster=s Guide is not specific to Texas.  This case involves
a distinct Texas standard form HO-B policy prescribed by the Texas Department
of Insurance.  The Adjuster=s Guide
specifically limits its analysis to considering Awhether the loss qualifies under the insuring agreement and conditions
and whether any exclusions apply.@





[3]   Balandran v. Safeco Ins. Co. of Am., 972 S.W.2d 738, 740B41 (Tex. 1998).





[4]  Fiess v. State Farm Lloyds, 202 S.W.3d 744, 747 (Tex. 2006); Williams Consolidated
I, Ltd./BSI Holdings, Inc. v. TIG Ins. Co., 230 S.W.3d 895, 902 (Tex. App.CHouston [14th Dist.] 2007, no
pet.); Esquivel v. Murray Guard, Inc., 992 S.W.2d 536, 544 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied).  





[5]  Fiess, 202
S.W.3d at 746; Progressive County Mut. Ins. Co. v. Sink, 107 S.W.3d 547,
551 (Tex. 2003).





[6]  Fiess, 202
S.W.3d at 746; State Farm Fire & Cas. Co. v. Vaughan, 968 S.W.2d
931, 933 (Tex. 1998). 





[7]  Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998). 





[8]  Id at 464.  





[9]  Fiess, 202
S.W.3d at 746 (stating that, when there is more than one reasonable
interpretation of an exclusionary provision, it should be construed in favor of
the insured as long as such construction is not unreasonable); Balandran,
972 S.W.2d at 741.





[10]  Fiess, 202
S.W.3d at 746.





[11]  See id. at
748. 





[12]  See id.
(considering the insurance policy in its entirety, a policy provision is unambiguous
in setting forth, AWe do not cover loss caused by mold@); Lundstrom v. United Services
Auto. Ass=n-CIC, 192 S.W.3d 78, 91 (Tex. App.CHouston [14th Dist.] 2006, pet.
denied) (presuming without deciding that even if the mold were a covered loss
under the policy, the mold is not covered under an Aensuing loss@ exception within the policy).  As correctly noted by the majority, appellants do not
assert coverage under any Aensuing loss@ exception to the policy.  See ante p.3, n.1. 
Appellants, in response to State Farm=s
motion for summary judgement, conceded that A[t]he
>ensuing loss=
provision of the policy has nothing to do with this claim.@





[13]  See Fiess,
202 S.W.3d at 747; Nat=l Union Fire Ins. Co. of Pittsburgh v. CBI Indus.,
Inc., 907 S.W.2d
517, 521 (Tex. 1995). 





[14]  See Fiess,
202 S.W.3d at 747. 





[15]  See Esquivel,
992 S.W.2d at 544 (concluding summary judgment is appropriate when a case
involves interpretation of an unambiguous contract). 





[16]  Higganbotham,
103 F.3d at 460.





[17]  Penrod Drilling Corp. v. Williams, 868 S.W.2d 294, 295 (Tex. 1993) (holding that
court of appeals erred in considering itself bound by Fifth Circuit
precedents). 





[18]  Some courts of appeals have concluded that
negligence claims can sometimes be asserted in the claims-handling context.  See
St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co., Inc., 917 S.W.2d 29,
53B54 (Tex. App.CAmarillo
1995); aff=d in part and rev=d in part on other grounds, 974 S.W.2d 51 (Tex. 1998) (per curiam).  





[19]  See
Tex. R. App. P. 38.1(h) (AThe brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.@); San
Saba Energy, L.P., 171 S.W.3d at 338 (holding that parties asserting error
on appeal must put forth some specific argument and analysis citing
the record and authorities in support of the parties= argument); Wright v. Greenberg, 2 S.W.2d 666,
673 (Tex. App.CHouston [14th Dist.] 1999, pet. denied) (AA point of error not supported by authority is waived.@).





[20]  Senior Justice Richard H. Edelman, sitting by
assignment.