# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10786

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2014

Lyle W. Cayce
Clerk

MARIO SANTACRUZ,

Plaintiff - Appellant

v.

ALLSTATE TEXAS LLOYD'S, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-2553

Before STEWART, WIENER, and COSTA, Circuit Judges.

PER CURIAM:*

Mario Santacruz's home sustained damage when rain entered the house through the roof during a storm. Santacruz reported the damage to his insurer, Allstate. Following a contractor's recommendation, Santacruz had the roof repaired before Allstate could send an adjuster to inspect the damage. Allstate refused to pay the claim. Santacruz brought suit asserting claims for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

breach of the common law duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act and Insurance Code, and intentional infliction of emotional distress. The magistrate court granted summary judgment on all claims.

On appeal, Santacruz challenges the summary judgment ruling with respect to his claim for breach of the duty of good faith and fair dealing and his related statutory claims. Second, he contends that the magistrate court erred in denying him leave to amend his complaint to add a breach of contract claim.

## I.

Santacruz alleges that on the evening of June 28, 2010, a rainstorm blew several shingles off the roof of his Dallas home, causing the roof to leak and part of the roof to fall into the house. This caused extensive damage to the interior of his home and to his family's personal belongings.

The next day, Santacruz reported the damage to Allstate, his homeowner's insurance carrier. The policy covers damage to property caused by wind. Allstate's representative informed Santacruz that it would not be possible to send an adjuster to inspect the damage for at least a couple of days. Santacruz pointed out that more storms were forecast for that day and for the rest of the week, and stated that a local contractor, Jose Luis Pedraza, had advised Santacruz that the roof needed to be replaced because neither patching nor tarping the damaged roof would protect the home. Allstate's representative told Santacruz that Allstate needed to inspect the damage to the roof before Santacruz repaired it. Nonetheless, based on Pedraza's recommendation, Santacruz had the roof repaired that day.

On July 1, 2010, an Allstate adjuster came to Santacruz's home. The adjuster took pictures of the roof and of the interior of the home, but did no further investigation. Allstate did not pay Santacruz's claim, and Santacruz

filed suit in state court asserting claims for breach of the common law duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and intentional infliction of emotional distress.

Allstate removed the case to federal court based on diversity jurisdiction, and the parties consented to proceed before a magistrate judge. The scheduling order set the deadline to amend pleadings for December 31, 2012. On April 19, 2013, nearly four months after the amendment deadline, Santacruz filed a motion for leave to amend his complaint in order to add a breach of contract claim. The court initially granted Santacruz's motion, but upon Allstate's motion to reconsider, the court denied it. The court then granted Allstate's motion for summary judgment on all claims.

## II.

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Thompson v. Zurich Am. Ins. Co.*, 664 F.3d 62, 65 (5th Cir. 2011) (citation omitted). As such, summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Santacruz contends on appeal that fact issues preclude summary judgment on his claim that Allstate breached its duty of good faith and fair dealing as well as on his statutory claims.[1] The propriety of the summary judgment ruling on all these claims turns on whether Santacruz has produced sufficient evidence to support his claim that Allstate breached the duty of good

---

[1] As for Santacruz's intentional infliction of emotional distress claim, the district court ruled that Santacruz waived the claim by failing to reply to Allstate's motion for summary judgment on that claim. Santacruz does not appeal that ruling.

faith and fair dealing, as the statutory claims rely on that common law claim. *See Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999) (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997)).  Under Texas law, insurers have a duty to deal fairly and in good faith with their insureds.  *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987).  To plead breach of this duty, a plaintiff must allege "that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay."  *Id.*; *see also Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 49 (Tex. 1997).

The magistrate judge focused on the first, and more common, aspect of the standard: whether Allstate had a reasonable basis for denying the claim. It held that Allstate reasonably believed it could deny the claim because of policy provisions requiring the insured to "provide [Allstate] access to the damaged property."  Santacruz failed to do this, Allstate contends, when he had the roof repaired before the Allstate adjuster inspected his home. Santacruz counters that his decision to promptly repair the roof in the face of another impending storm was itself required by the policy, which imposes obligations to "protect the property from further damage" and "make reasonable and necessary repairs to protect the property."

We agree that Allstate's reading of the policy places Santacruz in a lose-lose situation: on the one hand, he is required to take action to mitigate the damage, but on the other hand he is required not to repair the damage prior to the adjuster's inspection.  And it is not clear that Santacruz violated the plain language of the provision requiring access to damaged property, even if that clause is read in isolation.  He did not prohibit an adjuster from visiting his home to inspect either before or after the repair.  Unlike some other policies, Allstate's policy does not require that the insured allow the insurer a

4

"reasonable time and opportunity to examine the property and the premises . . . *before repairs are undertaken or physical evidence of the Accident is removed*, [e]xcept for protection or salvage." *N.Y. Underwriters Ins. Co. v. Coffman*, 540 S.W.2d 445, 450 (Tex. Civ. App.—Fort Worth 1976, writ ref'd n.r.e.) (italics added). Finally, even if Santacruz did violate the "access" provision, the magistrate court correctly noted that Texas's Anti-Technicality Statute would allow a denial of coverage on that basis only if the breach of that provision contributed to the loss or made a loss determination unfeasible. Tex. Ins. Code Ann. § 862.054; *see also Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984) ("It would be against public policy to allow the insurance company . . . to avoid liability by way of a breach that amounts to nothing more than a technicality.").

All that being said, review of an insurer's denial of a claim for bad faith is deferential. So long as a bona fide coverage dispute exists, the insurer has complied with its duty of good faith and fair dealing even if the insurer's reasonable basis for denying the claim is determined to be erroneous. *See State Farm Lloyds v. Nicolau,* 951 S.W.2d 444, 448 (Tex. 1997); *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 600 (Tex. 1993). But the above discussion demonstrates that Allstate's rejection of the claim was based not on the "access" provision itself, but on its view that repairing the roof prior to the adjuster's inspection prevented Allstate from determining whether the damage was the result of the direct force of wind or of some other, non-covered cause such as normal deterioration or the weight of the rain on the roof.[2]

---

[2] The policy excludes any "loss caused by rain . . . whether or not driven by wind," but excepts from this exclusion losses caused by rain when "the direct force of wind . . . makes an opening in the roof . . . and the rain . . . enters through this opening and causes the damage."

No. 13-10786

Whether that position was reasonable implicates the other aspect of the duty of good faith and fair dealing, which requires that an insurer "reasonably investigate a claim." *Giles*, 950 S.W.2d at 56 n.5 (citing *Arnold*, 725 S.W.2d at 167); *see also State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998) (stating that an insurer cannot insulate itself from a bad faith claim by conducting an investigation "in a manner calculated to construct a pretextual basis for denial"). With respect to this duty, we conclude that Santacruz has produced enough to allow a jury to find that Allstate did not conduct a sufficient investigation from which it could determine that the pre-inspection repair prevented it from determining whether coverage existed or the amount of loss.

The extent of Allstate's inquiry into the claim consisted of its adjuster taking photographs of the damaged home. Significantly, Allstate did not attempt to talk to the contractor, who submitted an affidavit in this case describing what he observed concerning the roof and attributing the cause to wind damage. Nor is there any evidence showing that Allstate obtained weather reports or inquired with neighbors to see if they suffered similar damage, which would tend to show the damage was caused by wind rather than normal wear and tear.

The insurer's obligation to investigate is not unlimited, with the scope of the appropriate investigation varying with the nature and value of the claim and the complexity of the factual issues involved. *Simmons*, 963 S.W.2d at 44–45. On this record, however, we conclude that a jury could find that Allstate failed to perform a sufficiently thorough and objective investigation to determine whether Santacruz's damage was attributable to covered wind damage. *See Aetna Cas. & Sur. Co. v. Garza*, 906 S.W.2d 543, 548, 550–51 (Tex. App.—San Antonio 1995, writ dism'd by agr.) (insurer focused exclusively on insureds' motives to commit arson and deliberately ignored leads of other

potential arson suspects); *Beacon Nat'l Ins. Co. v. Reynolds*, 799 S.W.2d 390, 398 (Tex. App.—Fort Worth 1990, writ denied) (affirmed a jury finding of bad faith on evidence that the claim's file contained no records of investigation by the adjuster and that no attempt was made to determine the relevant facts at issue in the claim for coverage).

We also conclude that Santacruz established a fact issue concerning the amount of any damages he would be entitled to if he prevails on his claim for breach of the duty of good faith and fair dealing. An insured suing on an insurance policy has the burden of proving not only his right to recover, but also must prove with reasonable certainty the amount of his recovery. *Round Rock Indep. Sch. Dist. v. First Nat'l Ins. Co. of Am.*, 324 F.2d 280, 286 (5th Cir. 1963). A party seeking to recover for the cost of repairs must present competent evidence so that the trier of fact is justified in finding that the repairs are necessary and that the cost of the repairs is reasonable. *Perry Homes v. Alwattari*, 33 S.W.3d 376, 385 (Tex. App.—Fort Worth 2000, pet. denied).

The magistrate judge ruled that Santacruz had insufficient evidence to establish damages, holding that he did not prove with reasonable certainty the amount of his recovery. Santacruz claimed three types of damages: (1) the replacement of the roof, supported by an invoice from Pedraza providing that Santacruz paid him $3,900 to repair the roof; (2) a list of damaged personal and household items compiled by Santacruz and his family with an estimate of the value of all the belongings; and (3) repair work needed for the damaged interior of the home, supported by an estimate from a contractor listing the repairs to be done. Further, Pedraza submitted an affidavit testifying to the necessity of repairing the roof, and Santacruz submitted photographs showing the extensive damage to the home's interior to support his claim that repairs were necessary.

No. 13-10786

We conclude that Santacruz's testimony regarding the lost value of his personal and household items, and the invoice and estimate from the two contractors detailing the costs of the technical, specialized repairs to the home's structural elements, are sufficient to raise a fact issue concerning damages.

III.

In addition to challenging the magistrate judge's substantive rulings, Santacruz contends that the court erred by denying him leave to amend his complaint to add a breach of contract claim. As the discussion above reveals, a contract claim may well be the cause of action best suited for this case in which the parties rely on arguably inconsistent contractual provisions. Given the deferential standard of review that applies to a trial court's refusal to excuse a failure to comply with its scheduling order, however, we will not disturb its decision not to allow the untimely amendment.

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). The trial court is owed "broad discretion to preserve the integrity and purpose of the pretrial order," and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters.*, 315 F.3d at 535–36. Four factors are relevant to determining the existence of good cause in the context of post-deadline amendment: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a

continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).

Santacruz sought leave to amend his complaint in order to add a breach of contract claim nearly four months after the amendment deadline. To explain this late filing, Santacruz's counsel asserted that he was not Santacruz's original attorney and that he inadvertently overlooked the prior attorney's failure to allege a breach of contract claim in the complaint. The court found this explanation unsatisfactory given that counsel appeared in the case several months before the amendment deadline. Additionally, the court found that allowing the amendment would prejudice Allstate in a way a continuance could not cure because it would result in reopening discovery and permitting the refiling of a dispositive motion on an additional claim, the deadlines for which had already passed. The only factor in the good cause inquiry that the district court found weighed in favor of Santacruz was the second factor, since the breach of contract issue is important to Santacruz's dispute with Allstate. Weighing the four factors together, however, the district court held that Santacruz did not establish good cause for permitting post-deadline amendment.

We find that in assessing these factors, the court acted within its broad discretion to preserve the integrity and purpose of the pretrial order. We note, however, that because this case will be remanded so that Santacruz can pursue his bad faith claims, the magistrate judge retains discretion to grant Santacruz leave to add the breach of contract claim in light of the new procedural posture which will require the setting of a trial date.

*****

For these reasons, we REVERSE the court's entry of summary judgment on Santacruz's common law bad faith and statutory claims, and AFFIRM its

No. 13-10786

denial of Santacruz's motion for leave to amend his complaint.  The case is REMANDED for further proceedings consistent with this opinion.