# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20181
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2017

Lyle W. Cayce
Clerk

ABDUL SALAM BADMUS,

      Plaintiff - Appellant

v.

MUTUAL OF OMAHA INSURANCE COMPANY (MOOIC),

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1149

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In August 2010, Mutual of Omaha Insurance Company (MOOIC) issued an Accidental Death Policy to Selem Babtunde Badmus (Selem), providing that it would pay a benefit of $750,000 in the event of Selem's death if it was "caused by injury sustained while riding as a passenger in any public land, air or water conveyance provided by a 'Common Carrier.'" The policy initially listed no beneficiary, but was changed to designate Selem's brother, Abdul Salam

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20181

Badmus (Badmus) as beneficiary in July 2013. In March 2014, Badmus filed a claim with MOOIC seeking $750,000 under the policy, alleging that Selem died in an automobile accident in Lagos, Nigeria, on January 24, 2014. MOOIC sent Badmus forms to complete and requested documents in support of the claim. Badmus responded to MOOIC with partially completed forms, but did not provide the requested documents. Upon detecting numerous discrepancies and omissions in the forms Badmus submitted, MOOIC hired Worldwide Resources, Inc. (Worldwide) to investigate the claim. Worldwide ultimately concluded that most of the information Badmus submitted was suspect, and MOOIC denied the claim.

In May 2015, Badmus filed suit against MOOIC in the United States District Court for the Southern District of Texas, pro se, seeking payment under the policy and alleging (1) breach of contract; (2) unfair settlement practices and statutory bad faith; (3) misrepresentation of insurance policy; (4) violations of the Prompt Payment Statute and other provisions of the Texas Insurance Code; and (5) common law bad faith. Again choosing to undertake an independent investigation, MOOIC uncovered a series of name-change forms indicating that "Selem Babatunde Badmus," residing at Badmus's address in Houston, Texas, applied for a name change to "Abdul Salam Badmus" on May 21, 2016, over two years after Selem's alleged death in Nigeria. Shortly thereafter, Badmus was indicted for felony insurance fraud based on the insurance claim he filed with MOOIC.

Based on this information, the district court concluded that the insured was alive and granted summary judgment for MOOIC. Badmus appeals, challenging the district court's grant of summary judgment for MOOIC as well as some of its evidentiary rulings. Because we conclude that the district court did not abuse its discretion in its evidentiary rulings and that MOOIC was entitled to summary judgment, we AFFIRM the district court's judgment.

No. 17-20181

I

We review the district court's evidentiary rulings under an abuse of discretion standard. *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 667 (5th Cir. 1999). A "district court is given wide discretion regarding evidentiary rulings," and its decisions will not be disturbed unless they are manifestly erroneous. *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1329 (5th Cir. 1996) (citing *United States v. Massey,* 58 F.3d 133, 140 (5th Cir. 1995)).

Badmus first argues that the district court erred in granting MOOIC's motion to strike several exhibits he submitted with his summary judgment motion. These exhibits contain affidavits from two Nigerian witnesses that claimed to have witnessed the automobile accident and alleged that Selem died. The exhibits also contain a number of Internet and newspaper articles and websites as well as one scholarly article. The district court concluded that the exhibits must be excluded because they were inadmissible hearsay, irrelevant, and not in compliance with the Federal Rules of Civil Procedure. The only argument Badmus raises on appeal is that the newspapers and periodicals contained in these exhibits are self-authenticating and relevant. Because Badmus does not address the court's finding that the excluded exhibits were hearsay, that they were not timely produced, and that they did not comply with the Federal Rules of Civil Procedure, he has forfeited these arguments on appeal. We therefore perceive no abuse of discretion in the district court's exclusion of the evidence.

II

Badmus next argues that the district court erred in denying his motion to strike exhibits submitted by MOOIC. The exhibits in question include the indictment against Badmus for insurance fraud, Texas driver's license records, name-change forms, and other evidence suggesting that one of Badmus's witnesses knew the insured in 2005. The district court concluded that the

3

No. 17-20181

forms were relevant to the question of whether the insured was alive.  Badmus argues on appeal that the exhibits are not relevant.  We disagree.

The evidence at issue in Badmus's motion to strike is highly relevant because it addresses a fact of enormous consequence in the litigation: whether the insured is alive or dead.  Accordingly, we find that the district court's denial of Badmus's motion to strike was not an abuse of discretion. FED. R. EV. 401. ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact made more or less probable "is of consequences in determining the action.").

III

We review the district court's grant of summary judgment de novo. *Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 535 (5th Cir. 2015).  Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In reviewing a grant of summary judgment, this court construes "all facts and inferences in the light most favorable to the nonmoving party." *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 247 (5th Cir. 2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)).  However, a nonmovant will not avoid summary judgment by presenting "speculation, improbable inferences, or unsubstantiated assertions." *Likens v. Hartford Life & Accident Ins. Co.*, 688 F.3d 197, 202 (5th Cir. 2012).

Badmus argues that the district court erred in granting MOOIC's motion for summary judgment because it failed to consider any evidence he put forth to support his claims.  Specifically, Badmus cites to several documents

containing employment authorization cards from the United States Department of Homeland Security, which he claims show that he and the insured are not the same person. The evidence Badmus claims the district court ignored may be relevant to the issue of whether he and the insured are different individuals, but it is legally insufficient to overcome the lack of evidence he has otherwise put forth to substantiate his claims. To prevail under his claim for breach of contract under Texas law, Badmus must establish four elements: (1) the existence of a valid contract; (2) proof of the plaintiff's performance; (3) evidence of the defendant's breach; and (4) damages resulting from the breach. Badmus has failed to provide sufficient evidence to establish a genuine issue of material fact with respect to defendant's breach of contract, because he has not proven that the insured died "while riding as a passenger in any public land, air or water conveyance provided by a 'Common Carrier,'" and thus, that MOOIC must make a payment under the policy.

Nor has Badmus established that there are genuine issues of material fact with regard to any of his other claims. His claims of bad faith and violations of the Prompt-Payment Statute and other provisions of the Texas Insurance Code all depend on his ability to demonstrate a valid breach of contract claim. *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 518 (5th Cir. 2015) (to prevail in a claim under the Texas Prompt-Payment Statute, a plaintiff must first establish a valid claim under an insurance policy); *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 459–60 (5th Cir. 1997) (under the common law duty of good faith and fair dealing and the Texas Insurance Code, an insurer acts in bad faith if there is "'no reasonable basis for denying or delaying payment of a claim.'"). As discussed above, Badmus has failed to prove that the insured has died under the circumstances required by the policy and that he is entitled to payment by MOOIC.

No. 17-20181

Finally, with regard to his claim of misrepresentation, Badmus fails to assert anything more than conclusory allegations that MOOIC inserted fake policy documents into its claims file in violation of Chapter 541 of the Texas Insurance Code. He does not present any evidence to support these allegations. Accordingly, he has not established a genuine issue of material fact as to any of his claims and summary judgment was appropriate.

\*\*\*

For the foregoing reasons, we AFFIRM the district court's judgment.

6